IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL LAW                              *
    Petitioner,
    v.                                   *  CIVIL ACTION NO. ELH-14-2485

MAJOR RUDY                               *
    Respondent.
                                   *****

MEMORANDUM

On August 6, 2014, Darrell Law filed a petition under 28 U.S.C. § 2241 for habeas corpus relief. The action raises a direct attack on his continuing detention at the Cecil County Detention Center ("CCDC"). Law alleges that the CCDC "did not adhere to Maryland Rule of Criminal Procedure § 3-114"[1] as to his eligibility for release and instead chose to defer to a "defective" court order and to "a scandalous judiciary."[2] ECF 1. Because Law appears indigent, his motion for leave

---

[1] Maryland Rule of Criminal Procedure § 3-114, pertains to the eligibility for release of one who has been committed to the Maryland Department of Health and Mental Hygiene on criminal responsibility and competency issues.

[2] According to the state court docket, in December 2013 Law was charged with one count of theft valued from $1,000.00 to $10,000.00 and two counts of theft valued at less than $1,000.00. He was arraigned on December 18, 2013. A criminal jury trial was postponed and pursuant to a March 31, 2014, hearing before a Cecil County Circuit Court Judge, Law was committed to the Department of Health and Mental Hygiene for examination and report as to his criminal responsibility and competency to stand trial. It was further ordered that Law was to remain confined at the CCDC before and after the examination, pending further order of the court. The competency report is to be provided to the court, State's Attorney, Law and to the Office of the Public defender within sixty days, unless good cause is shown for an extension of the time for the examination. A competency hearing was to occur on August 6, 2014. *See State v. Law*, Case Number 07K13002024 (Circuit Court for Cecil County).

On August 7, 2014, court staff was informed by a Deputy Clerk for the Circuit Court for Cecil County that a competency hearing was held on August 6, 2014, before Judge Whelan, and Law was found competent to stand trial. He remains confined on $10,000 bond.

to proceed in forma pauperis (ECF No. 2) shall be granted. The petition shall, however, be dismissed, without prejudice.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973). Law seeks to attack the CCDC's decision to defer to the state court judge's ruling to detain him at that local facility pending his competency evaluation. He does not contend that a state remedy is unavailable for his claim and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue. Therefore, this action must be dismissed for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

For the aforementioned reasons, the Court shall dismiss the case, without prejudice, for failure to exhaust state court remedies. A separate Order follows.

Date: August 8, 2014                              /s/
                                                  Ellen Lipton Hollander
                                                  United States District Judge